IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME ANDREW BURNETT,

   Plaintiff,

v.                                                              Civil Action No.:  BAH-24-1102

BJ'S WHOLESALE CLUB, INC.,

   Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Jerome Andrew Burnett ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  Here, Plaintiff's complaint fails to state a claim upon which relief can be granted.  He will be directed to show cause why the complaint should not be dismissed.

Plaintiff's complaint alleges violations of regulations promulgated by the Occupational Safety and Health Administration ("OSHA") by BJ's Wholesale Club, Inc. ("BJ's").  ECF 1, at 6. Plaintiff alleges that these violations also constitute a violation of Title III of the Americans with Disabilities Act ("ADA") because Plaintiff is "a person who[] is recognized by the court as being disabled under federal law, and the violations to safety ha[ve] caused [him] not to enjoy [his] 'purchasing power' granted by federal laws."  *Id.*  Plaintiff alleges that he has "made written request[s] that the defendant adhere to federal safety laws due to the fact that [Plaintiff] suffer[s] from [p]ost traumatic stress disorder (PTSD) and th[e] issues at the public business ha[ve] left

[him] with mistrust – paranoia and increased anxiety which makes it impossible to be a customer at the defendant anymore." *Id.* Plaintiff seeks $75,000 for violations of the ADA, $150,000 "for any other days that they have violated the ADA," and $1,000,000 "for ongoing mental health and physical health issues for not feeling safe at the defendant's business/not able to [utilize his] 'power of purchase.'" *Id.* at 7.

The Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. § 651 et seq., concerns workplace safety. *See* 29 U.S.C. § 651(b) (noting that the purpose of the OSH Act is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources"). The OSH Act itself does not create a private right of action. *Scarborough v. Aegis Communications Group, Inc.*, 217 F.3d 840 (Table) (4th Cir. 2000) (concluding that "there is no private right of action under OSHA"). Instead, it directs the Secretary of OSHA to enforce its provisions. *See, e.g.*, 29 U.S.C. § 658 ("If, upon inspection or investigation, the Secretary or his authorized representative believes that an employer has violated a requirement of section 654 of this title, of any standard, rule or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, he shall with reasonable promptness issue a citation to the employer."); *id.* § 660(c)(2) (directing that an "employee who believes that he has been [wrongfully] discharged or otherwise discriminated against . . . may . . . file a complaint with the Secretary," that, upon such a report, "the Secretary shall cause such investigation to be made as he deems appropriate," and that, if appropriate, "the Secretary . . . shall bring an action in" a district court). Because there is no private right of action for violating the OSH Act or regulations promulgated thereto, Plaintiff cannot state a claim for relief.[1]

---

[1] At least two other judges of this Court have already informed Plaintiff that the OSH Act does not confer a private right of action. *See Burnett v. Aldi, Inc. Maryland*, Civ. Action No. 23-376-JRR, ECF 38, at 19–20 (D. Md. Jan 4, 2024); *Burnett v. BJ's Wholesale Club*, Civ. Action No. 22-2840-

Nor has Plaintiff pled a claim under the ADA. Title III of the ADA, which governs public accommodations, "prohibits the owner of a place of public accommodation from discriminating against an individual 'on the basis of disability.'" *Hoppe v. Coll. of Notre Dame of Md.*, 835 F. Supp. 2d 26, 31 (D. Md. 2011) (quoting 42 U.S.C. § 12182(a)). This title "provides a private right of action for injunctive relief but no right of action for monetary relief." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 638 (4th Cir. 2016); *see also* 42 U.S.C. § 2000a-3(a). "Injunctive relief, however, 'is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Thomas*, 841 F.3d at 638 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

The discriminatory actions Plaintiff alleges are violations of federal regulations protecting workers from hazards in the workplace. Plaintiff alleges that the violations include "Many Employees were not wearing the proper Personal Protective Equipment (PPE / Steel toe shoes) whilst operating 'heavy - lift equipment' (Reach truck)" on August 4, 2021, and "[a]isles with high steel racks with items which can fall and over 500 lbs." ECF 1, at 6. Assuming that Plaintiff is indeed a disabled individual within the meaning of the ADA, it is not clear what connection the alleged violations have to Plaintiff's disability (which Plaintiff describes as PTSD, paranoia, and anxiety) or how they demonstrate irreparable injury. As previously stated, there is no private right of action for violations of OSHA regulations, and Plaintiff purports to bring his claim as a customer, not an employee. Further, Plaintiff seeks only monetary damages, a remedy that is not available for the violations Plaintiff has alleged. Plaintiff has failed to state a Title III ADA claim.[2]

---

JKB, ECF 143, at 16–17 (D. Md. Mar. 8, 2024).

[2] The Court takes judicial notice of Civil Action No. JKB-22-2840, in which Plaintiff alleged similar violations of OSHA regulations and Title I of the ADA but had also alleged that he was employed by BJ's. The Court granted summary judgment in BJ's favor on March 8, 2024, about

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990). However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). The Court will therefore direct Plaintiff to show cause why his complaint should not be dismissed. He is forewarned that his failure to show cause will result in dismissal of his complaint.

Accordingly, it is this 2nd day of July, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff is DIRECTED to SHOW CAUSE by July 17, 2024, why his complaint should not be dismissed;

2. Plaintiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice; and

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

                                                             /s/
                                           Brendan A. Hurson
                                           United States District Judge

---

a month before Plaintiff filed the instant complaint. *See Burnett v. BJ's Wholesale Club*, Civ. Action No. JKB-22-2840, ECF 143 (memorandum opinion), ECF 144 (order granting motion for summary judgment) (D. Md. Mar. 8, 2024). Here, he has not alleged that he is or was ever employed by BJ's, and does not bring a claim under Title I of the ADA.