IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME ANDREW BURNETT,

   Plaintiff,

v.                                              Civil Action No.:  BAH-24-1102

BJ'S WHOLESALE CLUB, INC.,

   Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Jerome Andrew Burnett ("Plaintiff") filed the above-captioned complaint *pro se*. The Court previously granted Plaintiff's motion to proceed in forma pauperis and directed Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim. *See* ECF 4. Plaintiff timely responded to the order to show cause. ECF 5. However, because Plaintiff's response fails to cure the complaint's deficiencies outlined in the Court's July 2, 2024, memorandum and order, the complaint will be dismissed.

The Court previously explained that Plaintiff's allegations that defendant BJ's Wholesale Club, Inc. ("BJ's") violated Occupational Safety and Health Administration ("OSHA") regulations cannot support a claim for relief. *See* ECF 4, at 2. The Court further explained that Plaintiff's bare allegation that BJ's discriminated against Plaintiff, a customer of BJ's, on the basis of his disability by violating OSHA regulations was not sufficient to state a claim under Title III of the Americans with Disabilities Act ("ADA"). *Id.* at 3.

Plaintiff responded by suggesting that dismissing the complaint would constitute a violation of Title II of the ADA and of the federal criminal code. *See* ECF 5, at 1 (noting that dismissal would "cause in effect violations to my rights to Title III under the [ADA] and rights to Title II under the ADA"), *id.* at 2 (noting that if the undersigned "does not grant me my rights, he

will violate federal law 18 U.S.C. section 242"). As previously explained, when a complaint is frivolous, or when it fails to state a claim for which relief can be granted, the Court has the authority to dismiss the complaint. *See Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014); *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). Plaintiff's arguments do not contravene this authority or cure the deficiencies in the complaint.

Plaintiff also submitted several documents, including a charge of discrimination apparently related to a different action in this Court, ECF 5-1, at 1, a note from his primary care physician explaining that he "needs all [OSHA] rules to be adhered to, if employed and not employed" for his "[l]ifetime," *id.* at 2, a letter from Plaintiff's physician addressed to Judge Bredar and including two case numbers (but not that of the instant action), *id.* at 3, and a letter from BJ's to Plaintiff in response to a complaint Plaintiff had made about OSHA violates while employed at BJ's, *id.* at 4–6. These documents, most (if not all) of which are not related to this action, do not cure the complaint's deficiencies. Though the Court is sympathetic to Plaintiff's desire that OSHA regulations be uniformly followed, as explained, he has not stated a claim for relief either under the Occupational Safety and Health Act, any regulations promulgated by OSHA, or the ADA.

Plaintiff explains that he "may file a motion to amend [his] initial complaint . . . requesting that the case is amended as a personal injury case for ADA of 1990 Non-Compliance mental phobias created by the defendant's willful disability discrimination due to violating Title III under the ADA of 1990." ECF 5, at 4. However, Plaintiff has not put forth any facts sufficient to support a tort claim, as it is not clear that any tort has occurred.

Plaintiff was forewarned that failure to show cause why his complaint should not be dismissed would result in dismissal of his case. Because he has not shown cause why the complaint should survive, it will be dismissed, and the Clerk will be directed to close this case.

Accordingly, it is this 10th day of July, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's complaint is DISMISSED;

2. The Clerk is DIRECTED to CLOSE this case; and

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

_____/s/_____
Brendan A. Hurson
United States District Judge
